UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JAMES D. LINKOUS,                                              Case No. 1:10-cv-844

      Plaintiff,                                                      Bowman, M.J.

  v.

DYCK-O'NEAL, INC.,

      Defendant.

**MEMORANDUM ORDER**

This Fair Debt Collection Act case was filed by Plaintiff James D. Linkous, proceeding *pro se*,[1] in order to protest the attempts of the Defendant to collect on a mortgage note. (Doc. 1). On March 1, 2011, Defendant filed both an answer and a counterclaim, seeking collection on the same mortgage note. (Doc. 14). Pursuant to 28 U.S.C. §636(c), the parties have consented to disposition of this case by the undersigned magistrate judge. (Doc. 26).

On September 27, 2011, Defendant Dyck-O'Neal filed a suggestion of bankruptcy, resulting in a stay of this case shortly thereafter. (Docs. 38, 39, 40). According to the suggestion of bankruptcy, Plaintiff initiated bankruptcy proceedings on August 31, 2011. At the same time, Plaintiff filed a motion to dismiss the above-captioned litigation, citing "health concerns." (Doc. 35).[2] Solely due to the automatic stay imposed by the initiation

---

[1] The Court takes judicial notice of the fact that the same *pro se* Plaintiff has litigated two other cases in this court involving allegedly improper debt collection, Case No. 1:10-cv-930, and Case No. 1:10-cv-384.

[2] Plaintiff previously filed another document which appeared to seek dismissal, but which was sufficiently ambiguous that the Court declined to dismiss at that time. (Doc. 22 at 3). On March 31, 2011, he filed a motion that more clearly expressed his desire to dismiss his case (Doc. 23) but that motion was denied as

of bankruptcy proceedings, the Court denied Plaintiff's motion to dismiss "without prejudice to renew upon the lifting of the bankruptcy stay and/or conclusion of bankruptcy proceedings." (Doc. 41).

On December 13, 2011, Plaintiff filed an "affidavit" that, while difficult to decipher, could be construed as a request for the Defendant to produce an "original inked signed copy of the note" that forms the basis of the parties' dispute. (Doc. 43). The Court declines to construe Plaintiff's affidavit as any form of discovery motion, given Plaintiff's failure to comply with Local and Federal Civil Rules of Procedure, and the Court's prior warning to Plaintiff regarding the same. (See Doc. 22 at 2, explaining the requirements of Local Rule 7.2(a)(1)); *see also* Local Rules 37.1, 37.2 and Rule 37, Fed. R. Civ. P.).

On the other hand, attached to Plaintiff's affidavit is evidence that he received a discharge of his debts by the bankruptcy court. Review of the docket sheet in Plaintiff's bankruptcy proceedings confirms that on December 13, 2011, the debtor (Plaintiff) was granted a discharge by the United States Bankruptcy Court for the Southern District of Ohio. (Case No. 1:11-bk-15732 (Doc. 12)). The docket sheet further reflects that notice of the discharge was mailed to the Defendant. (*Id.,* Doc. 13). Although some debts are non-dischargeable, the conclusion of bankruptcy proceedings and evidence of record - including Plaintiff's most recent motion to dismiss- suggests that this case may be moot.

Accordingly, **IT IS ORDERED:**

1. The parties shall meet and confer, in person or telephonically, as soon as possible to determine whether any claim or counterclaim remains pending in this case;

---

withdrawn following a hearing before the then-presiding district judge. Plaintiff's September 1, 2011 motion (Doc. 35) also clearly requested dismissal of his claims.

2. To the extent that any claim or counterclaim remains, the parties shall promptly file, on or before **February 17, 2012**, an amended Rule 26(f) report;

3. If the parties determine that dismissal of both Plaintiff's claim and Defendant's counterclaim is now appropriate, they shall tender an Agreed Order of Dismissal in lieu of an amended Rule 26(f) report by the same deadline.

 *s/ Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge